IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDWARD L. GIBSON,
    Plaintiff,

vs.                                    Case No.: 4:05cv291/MMP/EMT

DR. S. SCHWARTZ, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 10). Leave to proceed in forma pauperis has been granted.

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id. at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923

(11th Cir. 1997). Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims is warranted.

Plaintiff names five Defendants in this action: James V. Crosby, Jr., Secretary of the Florida Department of Corrections (DOC); Gary M. Thomas, Warden of Okaloosa Correctional Institution (OCI); Aramark, Inc., the food service provider at OCI; Major M. Johnson, a correctional officer at OCI; and Dr. S. Schwartz, administrator of the medical department at OCI (Doc. 10 at 1, 2). Plaintiff claims that Defendants violated his Eighth Amendment rights with regard to a "slip and fall" accident that occurred while Plaintiff was working in the kitchen of the OCI work camp.

Plaintiff alleges the following facts in support of his claims. On June 12, 2003, at approximately 5:00 a.m., while working the kitchen of the OCI work camp, Plaintiff slipped and fell (Doc. 10 at 7). He suffered serious lower back and leg pain and loss of some mobility (*id.*). Medical staff arrived at the kitchen more than thirty (30) minutes later to attend to Plaintiff (*id.*). At the time of the accident, Plaintiff was wearing the standard issue tennis shoes provided by the DOC (*id.*). Although Plaintiff received a lower bunk pass from the medical department, Defendant Johnson assigned Plaintiff to an upper bunk, causing Plaintiff pain from climbing in and out of the bunk (*id.*). Defendant Aramark was aware of Plaintiff's fall, but assigned him to a job washing heavy pots, which caused further pain, injury and "permanent impairments" (*id.*).

Plaintiff claims that Defendants Crosby, Thomas and Schwartz violated his Eighth Amendment rights by failing to implement policies concerning workplace safety for inmates, including the issuance of non-slip shoes for inmates working in areas that are constantly slippery, and failing to implement policies concerning the provision of emergency treatment for inmates housed at the work camp. Plaintiff claims that Defendant Aramark violated the Eighth Amendment by giving him a work assignment washing heavy pots, knowing that he suffered a physical impairment.[1] Plaintiff claims that Defendant Johnson violated the Eighth Amendment by refusing to honor his lower bunk pass issued by the medical department after the accident. As relief, Plaintiff

---

[1] It appears that this was the same work assignment Plaintiff had before the accident, as Plaintiff alleged in his original complaint that at the time of his accident, he was a "potwasher" (*see* Doc. 1 at 7).

Case No: 4:05cv291/MMP/EMT

seeks compensatory damages in the amount of $3,750,000.00, as well as an injunction requiring Defendants to implement policies concerning workplace safety for inmates (Doc. 10 at 8).

The Eighth Amendment "does not authorize judicial reconsideration of 'every governmental action affecting the interests or well-being of a prisoner.'" Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir.1999) (quoting Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1988)). "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" Chandler v. Crosby, 379 F.3d 1278, 1288-89 (11th Cir.2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). Prison conditions rise to the level of an Eighth-Amendment violation only when they involve the wanton and unnecessary infliction of pain. *Id.*; Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508, 2514, 153 L.Ed.2d 666 (2002); Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003); Campbell, 169 F.3d at 1362. To establish "unnecessary and wanton infliction of pain," Plaintiff is required to show "that officials acted with specific intent." *Id.* "[T]he exact nature of the specific intent required depends on the type of claim at issue." *Id.* at 1363.

To state an Eighth Amendment violation, a prisoner must satisfy both an objective and a subjective inquiry. Chandler, 379 F.3d at 1289-90; Farrow, 320 F.3d at 1243. Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Specifically, a prisoner must prove a "serious medical need" or the denial of "the minimal civilized measure of life's necessities." Chandler, 379 F.3d at 1289-90; Farrow, 320 F.3d at 1243; Rhodes, 452 U.S. at 347. "The challenged prison condition must be 'extreme'" and must pose "an unreasonable risk of serious damage to his future health or safety." Chandler, 379 F.3d at 1289-90 (quoting Hudson, 503 U.S. at 9) (other citation omitted).

Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (stating that an individual may be held liable under the Eighth Amendment only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); Hudson, 503 U.S. at 8; Wilson v. Seiter, 501 U.S. 294,

303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). To prove deliberate indifference, the prisoner must show that the defendant prison official "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition or serious medical need in issue. Chandler, 379 F.3d at 1289-90 (quoting Hudson, 503 U.S. at 8). Negligence or even gross negligence does not satisfy this standard. *Id.*; Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir.1996).

Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment. *Id.* (citations omitted).

Additionally, supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted).

Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne v. Jarvis, 197 F.3d 1098, 1106 (11th Cir. 1999), *cert. denied*, 120 S.Ct. 1974, 146 L.Ed.2d 804 (2000); Weaver

v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58-59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (internal quotation marks and citation omitted).

      In the instant case, Plaintiff does not allege, nor do the facts suggest, that previous incidents of inmate "slip and falls" in the kitchen occurred and, if they did, that Defendants Crosby, Thomas, or Aramark were aware of them. Therefore, he has failed to state an Eighth Amendment claim concerning Defendants' failure to implement workplace safety policies, including issuance of non-slip shoes. Likewise, Plaintiff does not allege a history of delayed medical treatment that put Defendant Schwartz on notice of the need to address the timeliness of the medical staff's response to medical needs at the work camp. Therefore, Plaintiff's Eighth Amendment claim against Defendant Schwartz should also be dismissed.

      With regard to Plaintiff's claims that Defendant Aramark violated the Eighth Amendment by giving him a work assignment washing heavy pots, knowing that he suffered a physical impairment, and Defendant Johnson's refusal to assign Plaintiff a lower bunk even though the medical department had issued Plaintiff a lower bunk pass, Plaintiff failed to demonstrate he exhausted his administrative remedies with regard to these claims.

      Title 42 U.S.C. § 1997e(a), as amended by the PLRA, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement applies to all inmate suits about any aspect of prison life, even when the prisoner seeks relief not available in grievance proceedings, such as monetary damages. Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). The court should dismiss all claims for which it determines that exhaustion has not been accomplished. *See* Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998); Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997). "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

Although Plaintiff is obviously aware of the exhaustion requirement, as he attached numerous grievances to his original complaint and refers the court to those grievances in his amended complaint, none of the grievances address the job assignment and lower bunk issues. Therefore, prison officials were never afforded an opportunity to address his complaints internally, which may have resulted in corrective action which satisfied Plaintiff, thereby obviating the need for the instant litigation. Because Plaintiff failed to raise the issue of Defendant Aramark's job assignment and Defendant Johnson's refusal to honor the lower bunk pass with prison officials, the claims have not been exhausted. Accordingly, dismissal of those claims is warranted.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's Eighth Amendment claims against Defendants Crosby, Thomas, and Aramark for failure to implement workplace safety policies be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. That Plaintiff's Eighth Amendment claim against Defendant Schwartz for failure to implement a policy concerning the timeliness of the medical staff's response to medical needs at the work camp be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. That Plaintiff's Eighth Amendment claim against Defendant Aramark concerning his work assignment, and his Eighth Amendment claim against Defendant Johnson concerning his refusal to honor Plaintiff's lower bunk pass, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

At Pensacola, Florida this 16th day of February 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**