IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


EDWARD L. GIBSON,

    Plaintiff,
v.                                      CASE NO. 4:05-cv-00291-MP-EMT

DR S. SCHWARTZ, et al.,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 11, Report and Recommendations of the Magistrate Judge. In his report, the Magistrate made the following recommendations:

> 1. That Plaintiff's Eighth Amendment claims against Defendants Crosby, Thomas, and Aramark for failure to implement workplace safety policies be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).
>
> 2. That Plaintiff's Eighth Amendment claim against Defendant Schwartz for failure to implement a policy concerning the timeliness of the medical staff's response to medical needs at the work camp be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
>
> 3. That Plaintiff's Eighth Amendment claim against Defendant Aramark concerning his work assignment, and his Eighth Amendment claim against Defendant Johnson concerning his refusal to honor Plaintiff's lower bunk pass, be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Doc. 11 at 6. The Magistrate Judge filed the Report and Recommendation on Thursday, February 16, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an

objection has been made.

Plaintiff has filed objections to the Magistrate's report, Doc. 12.  In his objections, plaintiff fails to address the Magistrate's correct conclusion that plaintiff's claims should be dismissed for either failure to state a cause of action or for failing to first exhaust administrative remedies.  Instead, plaintiff raises various factual assertions that fail to address the aforementioned issues, and also claims that he wishes to bring this case as a class action lawsuit.  Therefore, having considered the Report and Recommendation and objections thereto filed, I have determined that the Report and Recommendation should be adopted.

Additionally, plaintiff requests that counsel be appointed to assist him with his claim.  "A civil litigant . . . has no absolute constitutional right to the appointment of counsel." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (citing Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985); Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510, 1522 n. 19 (11th Cir.1983)).  Rather, such appointment is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id.  The district court is given "broad discretion" in making this determination, and "should appoint counsel only in exceptional circumstances." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (internal citations omitted).  The main consideration is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).  If "the facts and issues are simple," the pro se litigant will usually not require such assistance. Id.  Even though such litigant would "undoubtedly [be] helped by the assistance of a lawyer," it is within the district court's discretion to deny appointed counsel absent "unusual" or "exceptional"

circumstances.  <u>Bass</u>, 170 F.3d at 1320.

In this case, the court finds that plaintiff's claim is neither "unusual" nor are there "exceptional" circumstances that warrant the appointment of counsel.  Plaintiff's main problem is not that he is unable by himself to present the merits of his case.  Rather, it appears that plaintiff has failed to present colorful claims with respect to some issues, and failed to exhaust certain administrative remedies as to others.  Therefore, plaintiff's request that counsel be appointed to assist him is denied.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Plaintiff's Eighth Amendment claims against Defendants Crosby, Thomas, and Aramark for failure to implement workplace safety policies are dismissed with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. Plaintiff's Eighth Amendment claim against Defendant Schwartz for failure to implement a policy concerning the timeliness of the medical staff's response to medical needs at the work camp are dismissed with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. Plaintiff's Eighth Amendment claim against Defendant Aramark concerning his work assignment, and his Eighth Amendment claim against Defendant Johnson concerning his refusal to honor Plaintiff's lower bunk pass, are dismissed without prejudice for failure to exhaust administrative remedies.  Plaintiff may refile this claim once he has exhausted all administrative remedies.

**DONE AND ORDERED** this   *18th* day of April, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge